NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-839

MANAS R. PANDA

vs.

MOUSHMITA PANDA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial on the parties' competing requests for modification,[1] the father appeals from a judgment of the Probate and Family Court denying his requests to modify the parenting schedule and school enrollment of the parties' two minor children, and increasing his child support payments.[2] We discern no error or abuse of discretion, and affirm.

1. Parenting time and school enrollment. The father and the mother share custody of two minor children, who reside with the mother and attend school in Sudbury, pursuant to a detailed parenting plan negotiated by the parties as part of their

---

[1] The father's complaint for modification was met by the mother's counterclaim for modification.

[2] The father appealed from the modification judgment dated May 3, 2022. Although he did not appeal from the subsequently entered amended modification judgment, nothing in that amended judgment affects the issues raised on appeal.

separation agreement (which was incorporated into the judgment of divorce) at the time of their divorce. At the time of the parties' divorce, the father was required to travel extensively for work, but has since obtained employment that requires much less travel. In light of that change in employment, the father's parenting time was increased pursuant to a 2018 modification judgment.

The father sought further modification of his parenting time, requesting that the children be allowed to spend additional time every week with him. The father also requested that the children attend school in Acton, asserting that the Acton school system was superior to the Sudbury school system that the children attend.

The judge denied both requests, finding that the father provided no evidence that it would be in the best interests of the children to decrease the mother's parenting time. Nor did the father present evidence that the children's current schooling at Sudbury was not meeting their needs. Instead, the judge considered and credited the mother's testimony that the children were doing very well at their current school. On this record, there was no error in the judge's determination that there was no "material and substantial change in the circumstances of the parties" such that a modification of the children's parenting schedule and school enrollment would be

2

necessary to further their best interests.[3]  See G. L. c. 208, § 28.

2.  <u>Child support</u>.  The father contends that the judge relied on incorrect calculations in determining to increase the father's child support obligation.[4]  "We review child support orders . . . to determine if there has been a judicial abuse of discretion" (citation omitted).  <u>J.S.</u> v. <u>C.C.</u>, 454 Mass. 652, 660 (2009).

There was no abuse of discretion.  Since the father and mother divorced and negotiated their support obligations in 2016, both parties underwent changes in employment and financial circumstances.  The judge credited the mother's financial information and expressly discredited the father's financial statements.[5]  Where the judge found that the father did not accurately reflect his ownership interests in real estate and

---

[3] We note that the father submitted a motion to include additional pictures, submitted to this court following his notice of appeal, as part of the record on appeal.  We deny the motion, as the pictures were not part of the record before the trial judge.  See Mass. R. A. P. 8, as appearing in 481 Mass. 1611 (2019).

[4] The father had requested that the amount of child support be reduced, and the mother counterclaimed for an increase in the father's child support obligation.

[5] It appears that the original amount of child support was a negotiated figure by the parties, as no child support guidelines were submitted to the judge prior to the divorce.  Although the father submitted a child support guidelines worksheet with his postjudgment motion to reconsider, this worksheet contained the same financial information that the judge considered and discredited in her child support determination.

3

included business expenses that were not proper deductions for calculating child support, we cannot say that the judge's credibility determination was "plainly wrong" (citation omitted).  <u>Macri</u> v. <u>Macri</u>, 96 Mass. App. Ct. 362, 366 (2019).[6]

<u>Judgment dated May 3, 2022, affirmed</u>.[7]

By the Court (Green, C.J., Wolohojian & Sullivan, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered:  June 6, 2023.

---

[6] The judge also ordered the increase in the father's child support obligation to apply nunc pro tunc to the date of the modification trial.  This is not an abuse of discretion where the increase in child support obligation was based on the financial information that the parties submitted during the trial.

[7] While this appeal was pending, the father moved for a stay of execution of the modification judgment.  Our disposition of the appeal renders that motion moot.

[8] The panelists are listed in order of seniority.

4